# F. W. HILL, Appellant v. AB HOPSON et al., Respondents.

### St. Louis Court of Appeals, October 24, 1910.

1. **PLEADING: Answer: Attack after Judgment.** Where no demurrer is interposed to an answer, every reasonable inference of fact afforded by its allegations should be indulged, after judgment, in aid of the judgment.

2. **ROADS AND HIGHWAYS: Statutory Dedication: Sufficiency of Averments: Pleading.** In a suit to restrain the opening of a highway through a certain tract, defendant answered that plaintiff and others owned the tract in fee, and had platted the same into town lots, streets, and alleys, and dedicated to the public certain streets, among which was that 'sought to be opened; that the plat was duly executed and acknowledged and recorded in the office of the recorder of deeds of the county; and that plaintiff and his associates immediately offered the several lots and blocks for sale and sold a number of the 'same to persons who purchased relying on the streets and alleys so platted and dedicated. The town so platted was unincorporated, and there was no averment in the answer that the county court had accepted the dedication nor that there had been a user of the street by the public. *Held*, that though the answer does not specifically detail every fact pertaining to the matter, enough is disclosed, by allowing reasonable inferences, to indicate that plaintiff and his associates made a statutory dedication of the street in question.

3. ———: ———: **Filing Plat: Acceptance by Public Not Necessary.** Under section 10294, Revised Statutes 1909, where land in an unincorporated town was platted and the plat was properly recorded, such plat was a sufficient conveyance to vest in the county the title to streets and alleys shown on the plat, without assent thereto or acceptance thereof by the public, and the county court and road overseer had authority to open such streets and alleys.

## Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

Affirmed.

*Edward A. Rozier* for appellant.

(1)   The county court can have no jurisdiction over any public highway (call it road, street or alley) unless the same be 30 feet wide. Secs. 9410, 9411, 9472, R. S. 1899.   (2)   No individual can by either statutory dedication or common law dedication compel the county court to accept a public highway (be it road, street or alley).   Landis v. Hamilton, 77 Mo. 563; St. Louis v. St. Louis University, 88 Mo. 158; Rosenberger v. Miller, 61 Mo. App. 426.   (3)   The county court can have no authority to make any order respecting said public highway until its acceptance by user. Herman on Estoppel and Res Adjudicata, sec. 1142; 2 Beach on Pub. Corp., secs. 1449, 1451, 1456 and note; Becker v. City of St. Charles, 37 Mo. 13; Kemph v. Collins, 97 Mo. 644; Brink v. Collier, 56 Mo. 160; Putnam v. Walker, 37 Mo. 600; Milling Co. v. Riley, 133 Mo. 574; Longworth v. Ledwic, 165 Mo. 221; St. Louis v. St. Louis University, 88 Mo. 156; Vassen v. Dantel, 116 Mo. 379; Baker v. Vanderberg, 99 Mo. 387; Landis v. Hamilton, 77 Mo. 554; McLemon v. McNeeley, 56 Mo. App. 561; Rosenberger v. Miller, 61 Mo. App. 426; McGrath v. Nevada, 188 Mo. 107; Rutherford v. Taylor, 38 Mo. 318; Baker v. Squire, 143 Mo. 92; Pierce v. Chamberlain, 82 Mo. 618.   (4)   Whatever rights may accrue to purchasers of lots in a platted addition by estoppel or otherwise, can only be asserted by those who are in privity with the person against whom such rights are asserted.   Becker v. St. Charles, 37 Mo. 13; Putnam v. Walker, 37 Mo. 600; McLemore v. McNeeley, 56 Mo. App. 556; 9 Am. and Eng. Ency. Law (2 Ed.), pp. 57, 65.   (5)   The order of the county court under which the road overseer was proceeding to act was made without jurisdiction on the part of the county court, hence injunction will lie.   McPike v. West, 71 Mo. 199; Harris v. Twp. Board, 22 Mo. App. 463; Echelkamp v. Schrader, 45 Mo. 505; Weigle v.

Walsh, 45 Mo. 561; Taylor v. Todd, 48 Mo. App. 556; State v. Kercheval, 65 Mo. 682; Palmer v. Crisle, 92 Mo. App. 512; Turner v. Stewart, 78 Mo. 80; Bailey v. Wade, 22 Mo. App. 186; Monroe v. Crawford, 163 Mo. 180; Carpenter v. Grisham, 59 Mo. 250; Rosenberger v. Miller, 61 Mo. App. 429. (6) It must be apparent that the dedication pleaded in defendant's answer did not conform to the statute, hence can only be treated as a common law dedication and no acceptance having been pleaded could not create a public highway. See authorities under point 3.

*W. L. Hensley* and *R. C. Tucker* for respondents.

(1) The county courts have control over the streets, avenues, lanes and alleys of unincorporated towns in their respective counties. R. S. 1879, secs. 6559, 6573; R. S. 1899, sec. 8959; Reid v. Board of Education, 73 Mo. 295; Price v. Town of Breckenridge, 77 Mo. 447. (2) Where owners of lands subdivide and lay off land into town lots and blocks with streets, avenues and alleys, and cause a plat of the same to be made, acknowledged and recorded, particularly describing the parcels of land to be used for streets, avenues, alleys and lanes, is a dedication of the streets, avenues and alleys, to the public. Hannibal v. Draper, 15 Mo. 634; Hannibal v. Draper, 36 Mo. 332; Hymers v. Branch, 6 Mo. App. 514; Heitz v. St. Louis, 110 Mo. 618; Baker v. Vanderburg, 99 Mo. 378. (3) Where the owner of land dedicates streets, avenues and alleys to the public by having a plat duly made, signed, acknowledged and recorded, is estopped from afterwards making any claim to such portions of said land as has been dedicated to public use. Rogan v. McCay, 29 Mo. 356; Price v. Town of Breckenridge, 78 Mo. 447.

NORTONI, J.—This is a proceeding in equity by which injunctive relief is sought. A temporary restraining order was granted but afterwards on a hearing it was dissolved and plaintiff prosecutes the appeal.

Defendant Hopson is a road overseer and defendants Tullock, Hill and Mayberry are judges of the county court of St. Francois county. It appears from plaintiff's petition that he is the owner of a parcel of ground in St. Francois county and that defendant Hopson, road overseer, was about to open a street twenty feet wide through the same under an order of the county court of which defendants Tullock, Hill and Mayberry are the judges. The petition is in all respects sufficient under the rule which obtains in this state as to such matters, for it alleges substantially that defendants were proceeding without authority and were about to inflict irreparable injury by going upon the premises and despoiling the same in many respects. For answer thereto, however, it is set forth by defendants that though plaintiff owned a parcel of the ground mentioned in the petition, he is estopped to assert any rights whatever with respect to the street involved for the reason he had long since dedicated the same to the public use. The evidence is not preserved by bill of exceptions and the record proper alone is before us for review.

The answer admits that plaintiff owned a portion of the ground involved, but avers that though he had the street inclosed at the time complained of, it is public property and within the jurisdiction of the county court. The answer substantially avers, among other things, that on the 28th day of February, 1885, plaintiff and others owned in fee simple the nine-acre tract of land mentioned in plaintiff's petition and on said day platted and subdivided and laid out the same into town lots, blocks, streets and alleys and dedicated to public use certain streets, lanes and alleys therein men-

tioned, among which is one known and designated as West street, which is twenty feet in width and is the street involved here. The answer avers that such plat was duly executed, signed and acknowledged by plaintiff and his associates and duly certified, filed and recorded in the office of the recorder of deeds in St. Francois county at the time mentioned. Other averments are to the effect that such plat properly subdivided and laid out the nine-acre tract of land into blocks and town lots and dedicated the several streets and alleys therein indicated to the public use. It is averred, too, that plaintiff and his associates immediately offered the several lots and blocks thereby platted for sale and sold a number of the lots to other persons, who purchased the same with reference to and relying upon the streets and alleys so platted and dedicated. It appears the town so platted is unincorporated and there is no averment that the county court ever accepted the dedication nor that there was a user of the street by the public.

It is argued here that the judgment dissolving the injunction is not supported by the record proper for the reason nothing contained in the answer indicates an acceptance of the dedication of West street, or any street, or alley of the town, for that matter. There was no demurrer interposed to the answer and after judgment thereon we must indulge every reasonable inference of fact and implication which its allegations afford in aid of the judgment. [Thomasson v. Ins. Co., 217 Mo. 485, 116 S. W. 1092, s. c. 114 Mo. App. 109, 89 S. W. 564, 1135; Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.] Though the averments of the answer do not specifically detail every fact pertaining to the matter, enough is disclosed under the rule mentioned, by allowing reasonable inferences and implications, to indicate that plaintiff and his associates made a statutory dedication of the street or alley in question at the time they laid off and platted the town.

It is entirely clear the answer does not rely upon a common-law dedication. On the contrary, a dedication under the statutes appears. Under our statutes pertaining to such matters, the plats of towns so filed and recorded in the proper county, when duly made, acknowledged and certified, are declared to be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public use, in such town, when incorporated, in trust, for the uses therein expressed, and for no other purpose. The same section provides that if such town is not incorporated, then the fee of such lands conveyed as aforesaid shall be vested in the proper county in like trust for the uses and purposes mentioned and none other. See section 10294, Revised Statutes 1909. These statutory provisions were in force at the time of the dedication herein involved as will appear by reference to section 6573, Revised Statutes 1879. The statute in this respect has continued the same throughout the several revisions as will appear by reference to section 7313, Revised Statutes 1889, and section 8959, Revised Statutes 1899. The statute is the same now. Section 10294, Revised Statutes 1909. The argument that no valid dedication appears from the answer for the reason it does not aver an acceptance thereof by St. Francois county or by public user is without merit. When a plat is so made and recorded, dedicating streets and alleys, under a statute declaring the same shall be deemed to be a sufficient conveyance to vest the title in the county, this dispenses with any assent or acceptance on the part of the public. Such we believe to be the rule of decision which universally obtains. See Dillon's Municipal Corporations, Sec. 628 (491) 4th ed. Our own Supreme Court has several times declared the rule as will appear by reference to the following authorities in point: Reid v. Board of Education of Edina, 73 Mo. 295, 304; Buschmann v. City of St. Louis, 121 Mo. 523, 536, 26 S. W. 687; Becker v. City

of St. Charles, 37 Mo. 1. In these respects a dedication under the statute differs from a common-law dedication, for at common law an acceptance must be made to appear. But, be this as it may, when perforce of the statute the plat vests the fee in the county, the estate vests in the public by conveyance or grant which effectually estops the grantor thereafter. [Dillon's Municipal Corporations, sec. 491 (4 Ed.), sec. 628 and authorities supra.]

That the plat, under the statutes above referred to (sec. 10294, R. S. 1909, sec. 8959, R. S. 1899, sec. 7313, R. S. 1889, sec. 6573, R. S. 1879), vests the fee of the street or alley involved in St. Francois county, in trust for the use of the public, there can be no question; for the plat was of an unincorporated town. This being true, the power of the county court and the authority of the road overseer, under its order, to open the street or alley is entirely clear. [City of Hannibal v. Draper, 15 Mo. 634; Snoddy v. Bolen, 122 Mo. 479, 491, 24 S. W. 142, 25 S. W. 932.]

The temporary injunction was properly dissolved. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.