Maud FRANKLIN, Respondent,

v.

Paul H. HOUSE and Marie House, his
wife, Appellants.

No. 35755.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 3, 1976.

Raymond H. Dickhaner, Dearing, Riche-
son, Roberts & Wegmann, Hillsboro, for
appellants.

Charles W. Medley, Farmington, for re-
spondent.

ALDEN A. STOCKARD, Special Judge.

Defendants have appealed from a judg-
ment quieting title as between the parties
to certain land in St. Francois County.

Plaintiff alleged that title to "The East Half of South Half of Northeast Quarter of Section 13, Township 38 North, Range 4 East, containing 17.50 acres, more or less,"[1] was vested in her "by limitations under the provisions of RSMo 1969, 516.101 [§ 516.-010?] in that plaintiff and those under whom she claims have occupied said land openly and under color of title for more than ten years," but that defendants "appear to have a claim or title or record adverse to a portion of the land," said portion being the "North five acres of the Southeast one-quarter of the Northeast one-quarter of Section 13, Township 38 North, Range 4 East." Defendants' answer was a general denial, except that they admitted they have "record title [to] and own the North 5 acres" as described in the petition.

James Franklin, son of plaintiff, testified that his father [not living at time of trial] and mother purchased the land described in the petition in 1963, but he did not say from whom. He further stated that the northern boundary line of the tract was "the east-west section line of Section 13"[2] at which place there was a fence that had been there for 12 to 15 years and which ran through some oak trees. He also stated that all of his mother's land was fenced, and that she "always claimed that portion that is fenced."

Without objection Exhibit A was admitted into evidence. It consists of five "Certificates of Title" issued by the St. Francois County Abstract Company and signed by its President. In the earliest, dated June 16, 1961, it is stated that "We have examined the records of the offices of the Recorder of Deeds and Courts of Record for the County of St. Francois, in the State of Missouri and HEREBY CERTIFY that the record title * * * [to] the East Half of South Half of the Northeast Quarter of Section 13, Township 38 North Range 6 East, containing 17.50 acres, more or less * * * is well vested in fee simple in Burl A. Koester and Jesse V. Koester, his wife." The other four "Certificates of Title" contain the same description and apparently purport to show changes in ownership, the final one reciting that on March 1, 1963, title in fee simple was vested in Walter W. Franklin and Maud M. Franklin his wife.[3]

Defendants introduced in evidence a copy of a general warranty deed, dated July 3, 1971, from Vitella C. Smith to them conveying certain land, a part of which was described as the "North 5 acres of the Southeast ¼ of the Northeast ¼ of said Section 13," Township 30 North, Range 4 East.

The court found "that plaintiff and those under whom she claims title have occupied said land openly and under color of title for more than ten years," and decreed that "plaintiff is vested with fee simple title" to the property.

In view of the description of the land contained in the judgment, and the fact that defendant's claim to land located in the Southeast Quarter of the Northeast Quarter of said Section 13 is limited to the North five acres thereof, there are only two and one-half acres to which both parties make a claim.

We need not determine whether the certificates of title, clearly hearsay, were competent over objection to prove anything. They were, in effect, admitted into evidence

1. This description is the same as the Southeast Quarter of the Northeast Quarter of Section 13. There was no amendment to the petition, but after the court announced that it was going to enter judgment for plaintiff, by "agreement" the judgment described the land as "All the East Half of the Southeast Quarter of the Northeast Quarter of Section 13 * * * ."

2. This obviously could not be correct. The northern boundary line of the land claimed

by plaintiff as described in the petition or in the judgment would be the quarter-quarter section line of Section 13.

3. The description in each of the certificates of title is the same as that in the petition, but as previously noted, the description in the judgment does not include any part of the West Half of the Southeast Quarter of the Northeast Quarter of said Section 13.

by agreement. At most, they tend to establish a record title in plaintiff extending back as far as 1961. But, plaintiff does not rely on record title to establish her right to possession as against defendants. Her alleged claim is that of adverse possession, and the trial court based its judgment on adverse possession.

In order to establish title by adverse possession, plaintiff had the burden of proving that she, and those under whom she claims, had possession of the land so claimed for the statutory period, and "that such possession was actual, hostile, under claim of right, open and notorious, exclusive and continuous for the whole prescribed period of time." *Beldner v. General Electric Company,* 451 S.W.2d 65 (Mo.1970). See also, *Butler v. Trinkle,* 490 S.W.2d 23 (Mo.1973). In this court tried case, in determining whether plaintiff met her burden of proof we review the case upon both the law and the evidence. Rule 73.01(d); *Mueller v. Larison,* 355 S.W.2d 5 (Mo.1962).

The most that can be said for plaintiff's evidence is that it tended to show a record title in her and those under whom she claims back to 1961, that all of her land was fenced, and that she "always claimed that portion that is fenced." The record is devoid of proof that she was in actual or constructive possession of any portion of the land claimed for any period of time. The statement of plaintiff's son that his mother's land was fenced, and that she "claimed" all that was fenced does not constitute the necessary proof of possession. In view of this, the judgment based on adverse possession cannot stand.

The transcript relates that after the notice of appeal was filed an additional hearing was held in which testimony was received from one of the trial attorneys for defendants, but who is not an attorney for appellants on this appeal. This testimony is not set forth verbatim. Instead there is set forth what appears to be a summary of his testimony to the effect that plaintiff and defendants agreed that a judgment to quiet title could be entered in favor of plaintiff and against defendants if plaintiff would dismiss her claim set forth in a separate count for damages for trespass, and that the legal description in the judgment varied from that in the petition by agreement. We need not determine what effect, if any, should be given to this addendum to the transcript.

The judgment from which this appeal is taken does not purport to be a consent judgment. We also note that at the time judgment was entered plaintiff's counsel agreed to dismiss the claim for damages based on trespass without prejudice only "if there is no motion of new trial filed." This does not indicate the entry of a consent judgment.

The issue of an agreement may be presented upon retrial if deemed appropriate.

The judgment is reversed and the cause remanded.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.