Frank H. CHANDLER and Margaret Chandler, Plaintiffs-Appellants,

v.

Sam MARSHALL, Ed Terry, Scott Thomas, Trustees, and their Successors in Office of Grand United Order Odd Fellows Lodge No. 2048, and Lewis Martin and Vera Martin, if living, or if they or any one of them be dead, then their unknown heirs, consorts, devisees, donees, alienees, immediate, mesne, and remote, voluntary and involuntary grantees and their unknown spouses and unknown creditors, Defendants-Respondents.

No. 10366.

Missouri Court of Appeals,
Springfield District.

July 12, 1978.

Abe R. Paul, Pineville, for plaintiffs-appellants.

Walter Walker, Neosho, for defendants-respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

This is an action to quiet title.

The land in dispute is Lot Five (5) in Block Twenty-eight (28) in Neosho City, now a part of the City of Neosho, Missouri. Plaintiffs Frank H. Chandler and Margaret Chandler, husband and wife, are the owners of Lot 6 which adjoins, and is located east of, Lot 5. Defendants Lewis Martin and Vera Martin, husband and wife, are the owners of Lot 4 which adjoins, and is located west of, Lot 5. Each of the three lots is 120 feet long and 30 feet wide. The longer sides of each lot lie generally north and south, although the northwest corner of each lot is somewhat west of its southwest corner. Each lot tilts slightly to the northwest.

Plaintiffs acquired record title to Lot 6 in 1974 by warranty deed from Stella Lakin. Stella, the mother of plaintiff Margaret Chandler, owned Lot 6 since 1952. The house on Lot 6, occupied by Stella during her ownership, encroaches upon Lot 5. The house faces generally north and the encroachment amounts to 9.85 feet. No other building is on Lot 5. Plaintiffs claim title to Lot 5 by adverse possession.

The last link in the chain of record title to Lot 5 is a warranty deed executed in 1911 by the then owner in favor of trustees of a defunct local lodge of a fraternal order.

Defendants Lewis Martin and Vera Martin also made claim to Lot 5 based on adverse possession.

The trial court, sitting without a jury, decreed that title to the east half of Lot 5 was in plaintiffs and that title to the west half of Lot 5 was in defendants Lewis Martin and Vera Martin. Plaintiffs appeal. The parties agree that the decree of the trial court with respect to the east half of Lot 5 was proper. On this appeal plaintiffs claim that the trial court erred in decreeing title to the west half of Lot 5 to be in defendants Martin.

■ The burden of proof was on plaintiffs as to each of the five elements of adverse possession. *Slentz v. Cherokee Enterprises, Inc.*, 529 S.W.2d 495, 496[2] (Mo. App.1975). However, once the plaintiffs made a prima facie case on the issue of adverse possession, as the instant plaintiffs did, the burden of going ahead on that issue shifted to the defendants. *Sandy Ford Ranch, Inc. v. Dill*, 449 S.W.2d 1, 4[1] (Mo. 1970).

■ Defendants' evidence consisted solely of the testimony of defendant Martin. He conceded that he and his predecessors had made no use of the north half of the west half of Lot 5. He did not dispute the testimony of plaintiffs' witnesses which supported plaintiffs' claim to that north half. With respect to the south half of the west half of Lot 5, Martin testified to "just spotty" use by him and his predecessors. That use consisted of "backing a truck in there." Martin testified that the last such use was a year before the trial, and the most recent use prior to that one was "about five years ago."

The testimony of Martin in support of defendants' claim of adverse possession with respect to the south half of the west half of Lot 5 was insufficient to establish that claim. Martin's testimony failed to satisfy the elements of exclusivity and continuity for the statutory period. Moreover, "occasional entries, or temporary use or occupation, are insufficient to establish that actual possession which is necessary to manifest adverse possession." *Brown v. Evans*, 182 S.W.2d 580, 583[10] (Mo.1944).

It would serve no useful purpose to recount the formidable evidence adduced by the plaintiffs nor the flimsy evidence ad-

duced by defendants Martin. The testimony of plaintiffs' witnesses, whom the trial court must have found credible in awarding plaintiffs title to the east half of Lot 5, was equally impressive with respect to the west half. A detailed review of the evidence and the law would have no precedential value. That portion of the judgment which decreed title in the west half of Lot 5 to be in defendants Lewis Martin and Vera Martin must be reversed.

The judgment is reversed and the cause remanded with directions to the trial court to enter its judgment decreeing that the plaintiffs Frank H. Chandler and Margaret Chandler are the owners of Lot 5 in Block 28 in Neosho City, now a part of the City of Neosho.

All concur.