Junior FLOWERS and Janet Lee Flowers, his wife, Plaintiffs-Respondents,

v.

Everett C. BALES and Beulah Bales, his wife; James D. Bales and Winifred M. Bales, his wife; Clyde W. Black; Ethel Black; Laura Belle Sheets (Nee Mills); John B. Sheets; Mildred Ola Hamilton; H. B. Mills; Jesse A. Parsons; Hazel Parsons; Jesse Willard Coker; Marie S. Coker; June Coker; Veda Robinson; J. H. Helvey; Ida Helvey; Frank Pogue; Edith Pogue; Wesley Mann; W. O. Mann; Ethel Mann; Floyd Chitwood; Irene Mills; J. W. Mills; Omia Reed; George Reed; Jerry Helvy; Ida Helvy; J. J. Flowers; T. R. Gaskin; S. E. Gaskin; James M. Mills; Eliza C. Mills; John W. Mills; W. L. Mills; Caroline Mills; Matilda J. Mills; Mrs. H. B. Mills; and the unknown consorts, heirs, devisees, donees, alienees and immediate, mesne, remote voluntary or involuntary grantees, representatives, successors and assigns of each and all of the above-named defendants, Defendants-Appellants.

No. 11722.

Missouri Court of Appeals, Southern District, Division Three.

April 20, 1981.

Donald E. Lamb, Centerville, for plaintiffs-respondents.

L. Dwayne Hackworth, Piedmont, for defendants-appellants.

BILLINGS, Presiding Judge.

An action to quiet title wherein plaintiffs claim that "they hold title and are in possession" of a certain tract of land located in Reynolds County, Missouri and that "title to said real estate has vested in them and those under whom they claim by limitation under the provisions of Sections 516.010, 516.030, 516.050 and 516.070 of Revised Statutes of Missouri (1969)." Defendants James and Winifred Bales counterclaimed alleging that they had acquired title to the tract by adverse possession.

Defendants Veda Robinson, Ethel Black Morris, Edith Pogue, Winifred M. Bales, James D. Bales, Hazel Parsons, Jesse A. Parsons, Wesley Mann, Beulah Bales and Everett C. Bales were personally served. The remaining defendants were given notice through publication. An attorney ad litem was appointed to represent defendants which may be unknown, minors, insane persons, or in the Military Service of the United States. A trial before the court resulted in a judgment for plaintiffs quieting title to the land described in their petition.

The land in question is 14.8 acres situated south of Logans Creek in the Northwest quarter of the Southeast quarter of Section 35, Township 30 North, Range 1 East. It is described in plaintiffs' petition as follows: "That part of the Northwest quarter of the Southeast quarter of Section 35, Township 30 North, Range 1 East, described as follows: Beginning at the Southeast corner of the Northwest quarter of the Southeast quarter of said Section 35, thence North 01 degree 45 minutes East 168.81 feet, thence North 55 degrees 37 minutes West 83.96 feet, thence North 55 degrees 09 minutes West 146.34 feet, thence North 36 degrees 29 minutes West 317.25 feet, thence North 83 degrees 14 minutes West 164.24 feet, thence North 64 degrees 10 minutes West 159.56 feet, thence North 78 degrees 40 minutes West 233.20 feet, thence North 62 degrees 08 minutes West 434.0 feet to a point on West line of the Northwest quarter of the Southeast quarter, thence South 01 degree 48 minutes West 692.48 feet to Southwest corner of the Northwest quarter of the Southeast quarter, thence South 81 degrees 20 minutes East with South line Northwest quarter of the Southeast quarter 1328.81 feet to point of beginning, containing 14.7 acres, more or less."

All of the above named quarter was at one time owned by H. B. Mills. In 1901 he conveyed to W. L. Mills, a predecessor in counterclaimants' chain of title, "All of the NW ¼ of the SE ¼ of Sec. 35, Twp. 30 Range 1 E. on the South Side of Logans Creek. Ten acres more or less."

In 1908 H. B. Mills conveyed his remaining interest in this quarter to T. R. Gaskin, a predecessor in plaintiffs' chain of title, describing it as follows: ". . . all of that part of the North part of Northwest of Southwest Quarter more particularly described as follows: All of said forty lying on the North side of Logan Creek . . . ." This same language is continued in all subsequent conveyances, including plaintiffs' deed.

There is no recorded conveyance by W. L. Mills. A warranty deed of September 27, 1947 states that W. L. Mills and his wife died intestate. It further recites that the grantor, Laura Belle Sheets (nee Mills), is one of the three heirs of W. L. Mills. One of counterclaimants' witnesses, Ethel Morris (the former Mrs. Clyde Black), testified that W. L. Mills had three daughters, Annie Black, Oley Hamilton and Laura Sheets.

Laura Belle Sheets and Mildred Ola Hamilton both conveyed their interests in "All NE ¼ of SW ¼ and S ½ SE ¼ Section 35 Township 30, Range 1 East, 120 acres, Also

all that part of NW ¼ of SE ¼ of said Section 35, Twp. 30, Range 1 East that is now under fence on the south side of the creek," to Clyde W. Black. The Blacks conveyed to Everett and Beulah Bales who conveyed to the counterclaimants, James and Winifred Bales. Each of these conveyances contains the same language of description found above.

The testimony indicates that approximately 50 years ago the fence ran along the southern bank of Logans Creek and that over this time period the creek moved to the north. A joint survey reveals that the area between the fence and the creek, in its present location, is approximately 14.8 acres. Title to this property forms the basis of this quiet title action.

Two witnesses stated that dikes were built in 1931 or '32 to stop the creek from encroaching any further south "towards the house." It is not clear from the record where the dikes were located or what effect, if any, they had on the course of the creek.

Plaintiffs contend that the old creek bed, which apparently still runs along the fence line, is the true boundary line and that they therefore own this 14.8 acres. Defendants counterclaimed under the theory of adverse possession, though they presented some testimony that there was, at one time, another fence that ran along the south bank of the creek at its present location and that this other fence is the fence referred to in their chain of title.

The trial court found only:

"1. That neither Plaintiffs nor Defendants have been in the open, notorious, continuous, exclusive and adverse possession of the land which lies North of the fence which presently exists on the South side of Logans Creek on the above described real estate for ten years or more, and none of said parties can establish title to said property by adverse possession.

2. That Plaintiffs, Junior Flowers and Janet Lee Flowers, his wife, who claim record ownership of said land which lies North of the fence which presently exists on the South side of Logans Creek on the above described real estate have record title paramount to the title claimed by Defendants."

Our review of this action is governed by Rule 73.01, V.A.M.R., as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Consequently the judgment of the trial court will be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Id. at 32.

In a quiet title action each party has the burden to prove title superior to the other, not superior to the whole world. *Teson v. Vasquez*, 561 S.W.2d 119 (Mo.App. 1977). A claimant must prevail on the strength of his own title and not upon any weakness in the title of the other party. *Moise v. Robinson*, 533 S.W.2d 234 (Mo.App. 1975).

In a court-tried case, where conflicting testimony is given, and where there are no specific findings made, all fact issues are deemed to have been found in accordance with the result reached. *Spielberg Mfg. Co. v. Direct Sales Intern., Inc.*, 566 S.W.2d 839 (Mo.App.1978), Rule 73.01, V.A.M.R.

Even accepting all of plaintiffs' evidence as true, there is insufficient evidence to establish plaintiffs' claimed title. "[W]here a nonnavigable stream of water constitutes the dividing line between two tracts of land, the possessor on either side, absent contrary restrictions or reservations in his deed, holds to the center or thread of the stream; that where a subsequent change in the course of the stream is by the slow and gradual process of accretion, the boundary line changes with the stream . . . ." *Brown v. Wilson*, 348 Mo. 658, 155 S.W.2d 176, 179 (1941). Accretion is the gradual and imperceptible additions to or increases in riparian land that are caused by natural or artificial means. *Wallis v. St. Louis Cty.*, 563 S.W.2d 93, 95 (Mo.App.1978). See also *Tatum v. City of St. Louis*, 125 Mo. 647, 28 S.W. 1002 (1894). However, the

general rule is that a riparian owner cannot claim title to land added by accretion as a result of an artificial condition he created. Annotation, 134 A.L.R. 467, 472. A landowner does have the right to protect his land against the waters of a river so long as he does not injure the banks of a lower or opposite proprietor. *Meyers v. Beauchamp*, 51 S.W.2d 545, 547 (Mo.App.1932). Here the dikes were built by the Blacks, a predecessor in title to the Bales, and not the present counterclaimants. There is also no evidence as to the effect the dikes may have had on the course of the creek. It is clear from the cases that if accretion has taken place then plaintiffs' boundary is the present location of Logans Creek.

The counterclaimants record title limits their ownership to that part of the quarter "now under fence on the South side of the creek." There is insufficient evidence to support their claim to the 14.8 acres in issue.

█ It would appear from the record that title to this 14.8 acres remains in the heirs of W. L. Mills. He acquired all that part of the quarter "on the South Side of Logans Creek" and subsequent conveyances passed title only to that part of the quarter south of the fence.

Rather than decide that neither plaintiffs nor counterclaimants hold title to this tract of land [*Richards v. Northwestern Coal & Mining Co.*, 221 Mo. 149, 119 S.W. 953 (1909) and see *Bixby v. Backues*, 346 Mo. 955, 144 S.W.2d 112 (1940)] upon the meager record before this court, and since title may be in one or more of the nonparticipating defendants this cause should be reversed and remanded so that the facts may be more fully developed. *White v. Kentling*, 345 Mo. 526, 134 S.W.2d 39 (1939). It is so ordered.

All concur.