**Juanita DENTON, Plaintiff-Respondent,**

v.

**Clifford IPOCK and Bonnie Ipock, his wife, et al., Defendants-Appellants.**

**No. 12881.**

Missouri Court of Appeals,
Southern District,
Division Three.

May 15, 1983.

David G. Neal, Eminence, for defendants-appellants.

John N. Wiles, West Plains, for plaintiff-respondent.

MAUS, Judge.

By her petition in five counts, the plaintiff sought to establish and protect her title to 1.60 acres in Shannon County. After a premature appeal, *Denton v. Ipock,* 635 S.W.2d 79 (Mo.App.1982), the trial court entered a judgment against the plaintiff on

four counts. The judgment on the remaining count quieted title to that 1.60 acres in the plaintiff by reason of adverse possession. The defendants alone appeal.

The tract in dispute is a part of the North ½ of Lot 2 of Southwest ¼ of Section 6, Township 28, Range 4. Pertinent conveyances are in part based upon the division of the north 475 feet of said North ½ of Lot 2 from the remainder thereof. Said North ½ of Lot 2 is traversed by a county road.[1] This road enters the south boundary of the tract 655 feet west of the southeast corner thereof. It extends in a general northeast direction and leaves the tract 148 feet south of the northeast corner. That county road crosses the south line of the north 475 feet of the tract 228 feet west of the east boundary thereof. There are approximately 8.30 acres south of the north 475 feet of the tract and east of the county road. This 8.30 acres is traversed by an east-west private road which is 726 feet south of the north line of the tract. The area in dispute is the 1.60 acres located south of the north 475 feet, east of the public road and north of the private road. It must be noted the plat from which these measurements have been taken was admitted for illustration without an agreement as to its accuracy. On the plat, the 1.60 acres in dispute was labeled Tract B. It will be so referred to in this opinion.

From a common source of title, by 1948 the north 475 feet of said North ½ of Lot 2 had been conveyed to Ike and Jane Younger, his wife, and the remainder to Della Devin Rose. On November 11, 1953, Della Devin Rose conveyed all that part of said North ½ of Lot 2 east of the county road to Albert Ipock, defendants' predecessor in title. Albert Ipock was the father of the plaintiff and defendant Clifford Ipock. On November 7, 1960, Della Rose Freeman (it is left to assumption that she is the same as Della Devin Rose) conveyed said North ½, except the north 475 feet and except that part thereof east of the county road to David and Juanita Denton, his wife. On February 3, 1967, the Youngers conveyed the north 475 feet to David and Violet Denton, his wife. Only by assumption are

Violet Denton and Juanita Denton the same person. The plaintiff concedes she does not have record title to Tract B.

David Denton died December 24, 1979, and the plaintiff claims as his surviving tenant by the entirety. Her testimony concerning their acquisition of title and claims to various parts of said North ½ of Lot 2 are conflicting and do not readily coincide with the conveyances of record. This might be explained by the fact that it is apparent from the transcript that the area around Tract B has for many years been owned or occupied by divers members of the Denton and Ipock families. A witness testified the formalities of conveyancing were not always observed by these people in dealing with land in that area.

The plaintiff first testified she got ownership of the upper half from Winifred and Rilla Denton, her in-laws, who had dealt for the land, but got her deed from Della and Sidney Freeman. At one time her testimony was apparently to the effect Tract B should have been included in that conveyance. The term upper half may have referred to the higher ground, in the south part of the tract, rather than the north 475 feet. Later, the plaintiff testified she got the tract at the bottom of the hill from the Youngers in 1967. She was then asked if that was when she first claimed the area in dispute. The plaintiff replied, "That's right, when I got the deeds because she told me that this piece of land here was mine, too." In 1968 defendant Clifford Ipock started cutting posts on Tract B. The plaintiff then checked the records and found she had no record title to Tract B. She now claims title by adverse possession.

Tract B is described as rough, timbered or brushy land, unsuitable for farming or pasture. It was not fenced. At one time a three-room house was located on it. Testimony concerning the time that house was torn down varied from 1952 to 1959. It was said the tract was owned by Anne Reed and Della Rose, her daughter. They let people live in the house free of rent. There was evidence that about 30 years ago the plain-

tiff's in-laws lived in that house for an undisclosed period of time.

Evidence concerning possession of Tract B by the plaintiff is elusive and vague. The plaintiff testified that since 1967 until his death her husband "parked rigs over on it for a while." Rigs included trucks, a "cat" and a tractor. They were parked along the road. The plaintiff did not state which road although the defendant said it was a small area on the private road. She added that in 1979 her son cut posts on Tract B. The plaintiff's other brother, Virgil Ipock, described the plaintiff's possession as piling junk on the tract. Defendant, Clifford Ipock, testified that David Denton did park vehicles along the private road once or twice a month. He did not appreciate this, but did not object. David Denton also parked vehicles in another field that belonged to the defendants. Clifford kept a smoke house on Tract B for four or five or six years during the time in issue. When Clifford refenced the balance of his property east of the county road, he did not include Tract B because Burnell Prewitt "lived up there" and Prewitt didn't want to open gates. It seems apparent Prewitt used the private road to reach property east of Tract B.

■ It is trite but necessary to restate the elements of adverse possession. "These elements are: (1) That the possession must be hostile; that is under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous." *State ex rel. Edie v. Shain*, 348 Mo. 119, 152 S.W.2d 174, 176 (1941). Also see *Dambach v. James*, 587 S.W.2d 640 (Mo.App.1979). The acts which establish such possession vary from case to case and the nature of the area in question and the surrounding property. *Ozark Plateau Land Co. v. Hays*, 105 Mo. 143, 16 S.W. 957 (1891); *Counts v. Moody*, 571 S.W.2d 134 (Mo.App.1978). It is established that "[o]ccasional entries or temporary use or occupation [of disputed land] are insufficient to establish that actual possession which is necessary to manifest adverse possession." *Willy v. Lieurance*, 619 S.W.2d 866, 872 (Mo.App.1981). Also see

*Wykle v. Colombo*, 457 S.W.2d 695 (Mo. 1970). Perhaps a corollary rule is the axiom that "[o]ne overriding requirement to establish adverse possession to a particular piece of property is that the precise location of the land claimed be identified in such a way that the boundaries may be ascertained and recognized." *Teson v. Vasquez*, 561 S.W.2d 119, 127 (Mo.App.1977). Of decisive importance is the rule that one claiming by reason of adverse possession bears the burden of proof to establish each element necessary to constitute adverse possession. *Monnig v. Lewis*, 617 S.W.2d 492 (Mo.App.1981); *Franklin v. House*, 533 S.W.2d 243 (Mo.App. 1976).

■ It is not necessary to measure the proof of the plaintiff's claim against each of the above elements. It is sufficient to note that, even when viewed in favor of the plaintiff, the evidence does no more than establish her husband once or twice a month parked rigs on a small part of Tract B, piled junk thereon and that her son for two days in 1979 cut posts on that tract. Her proof established Clifford Ipock cut posts thereon in 1968. It was undisputed that for four or five or six years Clifford Ipock maintained a smoke house on that property. The fact the plaintiff's in-laws lived in the house on Tract B for an undisclosed period of time under unknown circumstances does not establish adverse possession. Nor does a claim of ownership, per se, constitute adverse possession. *Franklin v. House*, supra. Considering the character of the property and the family relationship involved, the evidence does not establish the actual and continuous possession required. *Wykle v. Colombo*, supra; *Willy v. Lieurance*, supra. The judgment of the trial court upon Counts I, II, IV and V of the petition against the plaintiff is affirmed. The judgment of the trial court upon Count III in favor of the plaintiff is not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). That judgment is reversed and judgment on Count III is entered in favor of the defendants.

GREENE, C.J., CROW, P.J., and FLANIGAN, J., concur.