STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, (Plaintiff) Respondent, v. JOHN JACOB ET AL., Defendants, STEPHEN BOGGIANO, (Defendant) Respondent, SCHUERMANN BUILDING AND REALTY COMPANY, a Corporation, (Defendant) Appellant, No. 42441— 244 S. W. (2d) 7.

Division Two, December 10, 1951.

*Earl G. Smith* for appellant:

782

*Wilkie Cunnyngham* and *George E. Ashley* for respondent State Highway Commission; *Stephen A. Boggiano* and *Boggiano & Hessel* for respondent Stephen Boggiano.

WESTHUES, C.—In September, 1949, the State Highway Commission instituted proceedings to condemn a strip of land several miles in length lying north of St. Charles Rock Road, which at that point is a part of U. S. Highway 40, in St. Louis County, Missouri. The strip of land condemned was formerly used by the St. Louis Public Service Company as a streetcar right of way. In 1948 the Public Service Company abandoned the right of way. Exceptions were filed to the report of the Commissioners and the question for decision on this appeal is who are the owners of the land lying north of and adjacent to the abandoned right of way.

The ownership of only a small portion of the condemned land is here in dispute. It lies in Section 27, Township 46 North, Range 6 East, in St. Louis County, Missouri. The common source of title is Louis Peeters who owned the land when the strip was subjected to the use of a right of way for railroad purposes. Peeters conveyed the land to the Schuermann Building and Realty Company, a corporation. This company subdivided the land into lots and filed a plat thereof in the recorder's office in St. Louis County, Missouri. The plat shows a street designated as "St. Charles (Private) Lane" running adjacent to and parallel with the railroad right of way. The dedication filed with the plat contained the following clause:

"The title to the above mentioned streets is hereby reserved in the undersigned, privilege, however, being granted lot owners in said subdivision to use the same for their intended purpose."

At the time the present condemnation suit was filed, all of the lots lying north of St. Charles Lane had been sold and conveyed without any reservation by the Schuermann Building and Realty Company. Respondent Stephen Boggiano, a defendant, is the owner of one of these lots. The appellant company claims that it is the owner in fee of St. Charles Lane and, therefore, the owner of the fee of the strip of land condemned. The trial court decided that the lot owners had title to the fee and, therefore, became the owners █ of the strip condemned when it was abandoned for street railway purposes. From the judgment the Schuermann Building and Realty Company appealed.

█ The parties agree that the lot owners of the land adjacent and contiguous to a railroad right of way become the owners thereof in fee when abandoned by the railroad. Such is the rule. Eureka Real Estate and Investment Co. v. Southern Real Estate and Financial Co., 355 Mo. 1199, 200 S. W. (2d) 328.

█ The question not agreed upon is who were the owners of the land adjacent to the right of way. More to the point, the question is who owned the fee in St. Charles Lane. The Schuermann Company's claim of title is based solely upon the above-quoted clause contained in the dedication filed with the plat.

The lot owners claim the fee to St. Charles Lane by virtue of deeds executed by the Schuermann Company. The trial court in its findings held as follows:

"That the railway only received an easement for railroad purposes by the condemnation; that because it was all taken from the Southern edge of his property, Peeters, by thereafter conveying the abutting property to Schuermann Company, vested in it as grantee the ownership of the fee in the tract over which the railway had its easement; that by conveying the separate lots along St. Charles Lane, the Schuermann Company conveyed the legal title to the fee in St. Charles Lane and in the railway right

of way because by the reservation language above referred to, the Schuermann Company only referred to the 'street' and not the underlying fee; that upon the abandonment of the railway right of way the abutting lot owners on St. Charles Lane are entitled to the awards in the present condemnation by the State Highway Commission.

"Moreover, I fail to find that any distinction is to be made because in this matter there is involved a private street and in the preceding situation a public street.

"In my opinion, one must look to the wording of the conveyances or dedication, and here the wording of the reservation is such that no concern whatever was shown by the Schuermann Company for the fee, but it evidently was interested only in the 'street', (which is only an easement on the surface), and while permitting the lot owners use thereof it (Schuermann) particularly wanted to control the same; if reservation of the fee was intended it should have been so stated."

The above ruling of the trial court is supported by good authority.

Reservations contained in deeds, plats, and dedications are construed most strongly against the grantor and in favor of the grantee. 26 C. J. S. 451, Section 140 b; 16 Am. Jur. 369, Section 24; Mizell v. Osmon, 354 Mo. 321, 189 S. W. (2d) 306, l. c. 311 (7-11); Byam v. Kansas City Public Service Co., 328 Mo. 813, 41 S. W. (2d) 945, l. c. 949 (5-9); Shell Petroleum Corporation v. Ward, 100 F. (2d) 778 (C. C. A. 5th Circuit).

In the Shell case, a grantor by the deed conveyed a tract of land by metes and bounds. The deed read in part, "containing 162.00 acres of land save and except therefrom 5.6 acres taken up by the rights of way of the Neches Canal Company lateral, making 156.4 acres herein and hereby conveyed." When the canal company abandoned its project, the grantor claimed the 5.6 acres. The court, applying the principle that exceptions are construed against the grantor, held the grantee was entitled to the 5.6 acres when abandoned. The court said (100 F. (2d) 779 (1) ): "This principle is especially vigorous in operation, where, as here, a construction is contended for which would produce the unreasonable result of splitting into two pieces a tract of land, which existed as one tract, subject only to an easement, and which, in reason, must be considered to have been conveyed as such, and not to have been split into separate parts, with a thin wedge of land between."

So, in this case, the Schuermann Company's contention that it retained title to the fee in the land occupied by the street by reason of the reservation in the dedication would result in a ridiculous situation. The company conveyed the lots ▇▇ without reservation and the trial court ruled the question correctly when it held that the deeds also conveyed the fee in the land occupied by the street. See

Eureka Real Estate and Investment Co. v. Southern Real Estate and Financial Co., supra, 200 S. W. (2d) l. c. 333 (9, 10).

The judgment of the trial court is affirmed. *Bohling* and *Barrett*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.