260 S.W.2d 22 (1953)
STATE ex rel. STATE HIGHWAY COMMISSION
v.
JACOB et al.
No. 43431.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
*23 A. E. L. Gardner, Clayton, for appellants.
Robert L. Hyder, Jefferson City, George E. Ashley, St. Louis, for respondent, State Highway Commission.
HOLLINGSWORTH, Judge.
In September, 1949, the State Highway Commission instituted proceedings to condemn for highway purposes a strip of land approximately 50 feet wide and several miles long lying north of and adjacent to St. Charles Rock Road in St. Louis County. The aforesaid strip formerly was occupied and used as a streetcar right of way by the St. Louis Public Service Company, but either shortly before or shortly after the condemnation proceeding was instituted its use and occupancy for right of way purposes was unconditionally abandoned.
This appeal involves the title to some 1,894 linear feet of the strip. Defendants William H. Schnecko and Robert W. Schnecko assert title thereto as (and they are) the sole heirs of Robert Schnecko, deceased. (Elsie W. Schnecko, also a defendant herein, is the wife of defendant William H. Schnecko.) Plaintiff denies defendants' claim of title and alleges that it is invested with an easement for highway purposes in said portion of the strip by virtue of conveyances from third parties who owned fee-simple title thereto.
The trial court found the issues in favor of plaintiff and defendants appealed.
In 1899, Robert Schnecko and his wife, Mary, conveyed to the predecessor of the Public Service Company and his assigns "a right of way for railroad purposes only" over, through and along the portion of the strip here involved, the conveyance describing its course through a tract of land owned by them. The conveyance further provided that it was made "upon condition however that the grantee herein his successors and assigns shall construct and maintain a single or double track railroad to be operated by electricity or motive power or by such other approved power as may be adopted by the grantee or assigns and upon the failure or abandonment of said enterprise by the grantee herein or his successors and assigns that the privileges herein and the property hereby conveyed shall revert to and be fully vested in the grantors their legal representatives or assigns. * * *"
In 1902, said Robert Schnecko, whose wife had died and who then owned the tract over which the right of way easement extended, conveyed to Home Heights Company, a corporation, the entire tract, the southern boundary of which was, and is described in the deed as being, the center of the St. Charles [Rock] Road. This conveyance, therefore, included the portion of the strip here involved. No mention of the strip is made in that deed. Home Heights Company then platted the tract as "Home Heights". In so doing, it dedicated St. Charles Avenue as a public street 25 feet wide along the north side of the right of way strip, and laid out lots 33 to 48 to the north. As a result of that platting, the strip is bounded on the south by St. Charles Rock Road and on the north by St. Charles Avenue, and the aforesaid lots abut St. Charles Avenue on the north. Respondent has quitclaim deeds from each and all of the lot owners.
Home Heights Company is defunct and its charter forfeited. Defendant William H. Schnecko, its last president and sole surviving member of its board of directors, was also made a defendant as its statutory trustee. As such, he failed and refused to plead or assert any right, title or interest in the strip in behalf of said company or its successors. All other successors in interest of the original grantors (Robert and Mary Schnecko) to the strip and the aforesaid lots were also made parties defendant herein, but none asserted claim of title.
Appellants contend that "the deed conveying the strip of ground in question to the grantee for railroad purposes with reversion of the fee to his heirs became a vested remainder in the heirs from the time said deed was executed and delivered to the grantee and that the grantors could not subsequently convey said property and thereby destroy such vested remainder"; and that the deed to Home Heights Company, although purporting to convey the *24 strip, was ineffectual for the aforesaid reasons.
The effect of appellants' contention is that the right of way deed not only conveyed a right of way easement over the strip, but that it also conveyed the fee which would, and did, upon abandonment of user for railroad purposes, revert, not to the grantors, their legal representatives or assigns, as stated in the deed, but to the heirs of grantors as remaindermen. The deed is not subject to that construction. In the first place, the deed, in express terms, conveys "a right of way for railroad purposes only" over the strip. It does not purport to convey any title whatever to the strip. And, secondly, it provides that, upon abandonment, the privileges and property conveyed (the right of way) shall revert to and be fully vested in the grantors, their legal representatives or assigns. (The phrase "legal representatives" obviously is used in the sense of meaning "heirs".) Therefore, fairly construed, the deed means and was intended to mean no more than that upon abandonment of user of the right of way for railroad purposes the fee-simple title, wherever it was then vested, whether in grantors or in their heirs or in their grantees, would no longer be burdened with the easement.
The fundamental error of appellants' contention is demonstrated in the case of Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286. In that case we held, 152 S.W.2d loc. cit. 652, that a deed granting a right of way for railroad purposes only, even though it purports to be a conveyance in fee, which the deed in this case did not purport to be, in law conveys but a mere easement over the land and not the fee. We further discussed the meaning of the words "revert" and "reversion" when used as they are here under consideration, saying, 152 S.W.2d loc. cit. 655: "Of course the word `revert' in its technical sense as dealing exclusively with titles should not be used in conjunction with an easement. It is a primary rule that in the grant of an easement no title passes but the title rests and continues in the holder of the servient estate so that when the easement ceases there can be no such thing as a reversion of title. In such an event the servient estate is merely freed from the burden of the use and any reversion is merely that of the use."
It being established the right of way deed conveyed a mere easement and that the fee, subject only to the easement, remained in the grantors, it must follow that when Robert Schnecko deeded the entire tract (the southern boundary of which extended to the center of St. Charles Rock Road) to Home Heights Company in 1902 that company acquired the fee to the entire tract subject only to the easement.
But, appellants further say that, even if Home Heights Company did acquire the fee, yet the persons to whom Home Heights Company sold the lots to the north of the strip acquired no title to the strip; and that quitclaim deeds from the lot owners to respondent conveyed nothing. They argue that when the strip was abandoned the title thereto, in the absence of a reversionary grant, could only be asserted by the abutting owners; and that the lots on the north of the strip do not abut upon the strip for the reason that the recorded plat of Home Heights dedicated to public use forever the 25 feet in width public street, St. Charles Avenue, which lies immediately north of the strip.
The law in this state is that when Home Heights Company conveyed the lots north of St. Charles Avenue to the several purchasers, it being the owner of the fee upon which the avenue lay, its deeds also conveyed the fee to St. Charles Avenue, subject to the easement for street purposes. Eureka Real Estate & Inv. Co. v. Southern Real Estate & Fin. Co., 355 Mo. 1199, 200 S.W.2d 328, and cases therein cited. And the lot owners, having thus acquired from Home Heights Company the fee to the land occupied by St. Charles Avenue, by operation of law became the owners in fee of the right of way strip which abutted St. Charles Avenue. In other words, the deeds from Home Heights Company to the lot owners on the north of both the right of way strip and St. Charles Avenue also conveyed title in fee to both the strip and *25 the avenue, subject to the respective easements in each; and upon abandonment of the strip for railroad purposes, the fee, then resting in the lot owners, was freed of the serviency of the easement. State ex rel. State Highway Commission v. Jacob, 362 Mo. 781, 244 S.W.2d 7. See also Snoddy v. Bolen, 122 Mo. 479, 25 S.W. 932, 24 L.R.A. 507; Neil v. Independent Realty Co., 317 Mo. 1235, 298 S.W. 363; American Steel & Wire Co. v. City of St. Louis, 354 Mo. 692, 190 S.W.2d 919; Revare v. Lee, Mo.Sup., 257 S.W.2d 676.
It is also clear that the lot owners being the fee simple owners of the strip, quitclaim deeds from them to respondent invested respondent with an easement over the strip for highway purposes, but not with the fee. Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649. Respondent claims no more.
The judgment of the trial court should be and is affirmed.
All concur.