**Glenn A. STOTTLE and Minnie I. Stottle, Appellants,**

v.

**C. C. BRITTIAN, Hugh Youngblood and Lottie Youngblood, Respondents.**

**No. 54525.**

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1970.

Alex Bartlett, Hendren & Andrae, Jefferson City, for appellants.

Clay Cantwell, Branson, for respondents.

HIGGINS, Commissioner.

Appeal from adverse judgment in action to quiet title to real estate.

Glenn A. and Minnie Stottle, husband and wife, by their then attorney, A. H. Blunk, petitioned the court to quiet title in them to land which they claimed to own in fee simple, viz.,

"Commencing at the Northeast corner of Lot 136 of the Re-plat of the Business Section of the town of Hollister, Missouri, thence East 50 feet, thence south 392 feet along the west line of Plot 2 of the Business Section of the town of Hollister to a point, thence East 100 feet to a point, for the point of beginning, thence south 25 feet, thence east to center of the bed of Turkey Creek, thence North 25 feet to a point, thence west to the point of beginning."

Plaintiffs alleged that defendants C. C. Brittian and Hugh and Lottie Youngblood claimed an interest in the property, the nature of which was unknown to plaintiffs. Defendants Youngblood filed answer by which they denied plaintiffs' claim; asserted that they, with Jimmy Youngblood, were the owners and in possession of the property; and prayed to be discharged. Defendant Brittian also denied plaintiffs' claim; asserted that plaintiffs had never been in possession of the property; alleged himself to be the record owner of the property; that he had paid taxes on it for more than 21 years; that a prior judgment against plaintiffs' predecessor in title was res adjudicata against plaintiffs; and prayed that plaintiffs' petition be dismissed.

Mr. Stottle testified that he and his wife, Minnie, lived in Hollister, Missouri; that they were the plaintiffs in this action against defendants to quiet title to the described real estate; and that they claimed title to the described property. He identified three deeds in support of his claim. One such deed was a duly recorded quitclaim deed dated March 17, 1967, from James C. and Anna P. Johnson, husband and wife, to plaintiffs, conveying:

"The S ½ of Plot 2 of the Business Section of the Town of Hollister, also being described as beginning at a point 392 feet south of Third Street on Cliff Drive in the Business Section of the Town of Hollister, thence in an easterly direction to the center of Turkey Creek, thence southerly along the center of Turkey Creek to the North line of Fourth Street, thence westerly along the north line of Fourth Street, to Cliff Drive, thence northerly along Cliff Drive to the point of beginning."

Another deed was a duly recorded quitclaim deed dated December 29, 1936, from

Roy and Ida Bedell, husband and wife, to James C. Johnson, conveying:

"All of the North One Hundred and fifty feet of Plot Two (2) in the town of Hollister, Taney County, Missouri.

"Also all of that part of said Plot Two if any lying East of the West Bank of Turkey Creek as now located in the Business Section of the town of Hollister, Taney County, Missouri."

The third deed, a duly recorded warranty deed dated November 10, 1927, from Wm. H. Johnson Timber and Realty Company to James C. Johnson, conveyed:

"All the Northwest quarter of Section Nine (9) and all of lot number two (2) in southwest quarter (S.W. ¼) of Section (4) four, that has not heretofore been platted and deeded, including all rights and reservations of whatever nature heretofore reserved by grantor. * * * This deed is intended to convey the bed of Turkey Creek not included in the lots and plots, heretofore platted in the town site of Hollister, together with every other right, equity and usure vested in grantor, in above described tracts. All in Twp. 22 and Range 21."

Defendants did not cross-examine Mr. Stottle and plaintiffs rested, after which defendants moved orally that "plaintiffs have failed to sustain the burden * * * to prove any ownership of the land mentioned in the petition. They failed to prove the chain of title or anything else. No question but what the Court would have to enter judgment in favor of the defendants."

Pursuant to defendants' motion, the court ruled: "Defendants file motion for directed verdict which is sustained by the court. Judgment and decree for defendants as prayed for. Costs against plaintiff." The "Judgment and Decree for Defendants" recited:

"The Court, after having read the Plaintiffs' Petition and Defendants' Answers, and after having heard the evidence introduced on behalf of the Plaintiffs with the Defendants offering no evidence and testimony, finds the issues in said cause in favor of Defendants and against the Plaintiffs.

"It is therefore ordered, adjudged, and decreed by the court that the Plaintiffs have no right, title and interest in (subject land) * * * and the Court finds the issues in favor of the Defendants and against the Plaintiffs. * * *"

Appellants contend, among other things, that irrespective of its assertions of error with respect to the court's failure to quiet title in them, the case should be reversed and remanded for new trial because the court failed to adjudicate which party had the better title to the property. This contention is dispositive of the issues on this appeal because none of the court's recitals constitute an adjudication of title.

■ It may be that plaintiffs' evidence lacked the persuasive certainty, Hall v. Hudgins, Mo., 277 S.W.2d 637, Cullen v. Johnson, Mo., 29 S.W.2d 39, Hartvedt v. Harpst, Mo., 173 S.W.2d 65, necessary to an adjudication of title in them to property as specifically described as in their petition. Nevertheless, it was uncontradicted and does show that plaintiffs claimed title to such described land; that three deeds appear on their faces to have some relation to the described land; that they tend to show record title in the relatedly described lands in plaintiffs and their immediate predecessors. Such was sufficient to put the fee title in issue and to preclude the general judgment of dismissal without determination of title which left the title in limbo. See Hansen v. O'Malley, Mo., 204 S.W.2d 281, 283 [4, 5]; Armor v. Frey, Mo., 226 Mo. 646, 126 S.W. 483; Crawford v. Arends, Mo., 176 S.W.2d 1.

■ Section 527.150, V.A.M.S., provides that "any person claiming any title * * * may institute an action against any person or persons having or claiming to have any

title * * * to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge * * * the title, estate and interest of the parties severally in and to such real property. * * * And upon the trial * * * if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights * * * of the parties." Either party may request and become entitled to full adjudication, Lucas v. Smith, Mo., 383 S.W.2d 513, 516; and "such actions impose on the court the same duty, namely to make a declaration of rights regardless of which party is entitled to it." Evans v. Brussel, Mo., 300 S.W.2d 442, 444 [3].

Once title was at issue the court was required to adjudicate the "better" title in someone. See Dowd v. Bond, Mo., 199 S.W. 954, where plaintiff claimed title and produced evidence going to possession; defendant claimed title but produced no evidence, and the court dismissed plaintiff's petition on the ground of failure to show title without an adjudication of title in either party. The court, 199 S.W.2d l. c. 956 [3], reiterated its ruling in Brooks v. Roberts, Mo., 195 S.W. 1019, 1021: "This court has heretofore ruled that, in an action of this character * * * it is the duty of the trial court to enter a judgment in behalf of the parties to the action showing the best title. * * * Upon a retrial of the cause the court should ascertain and determine whether the plaintiff or contesting defendants have the better title to the real estate in controversy and enter its judgment accordingly."

This case is similar to Pitts v. Pitts, Mo., 388 S.W.2d 337, on both facts and disposition. Plaintiffs filed suit to quiet title to certain land without detailing the interest of defendants; defendants denied plaintiffs' claim, claimed the land themselves, and prayed that plaintiffs' claim be denied. The surviving plaintiff alone testified, stated her claim, offered an abstract of title which was refused, and rested. Defendants moved orally for dismissal of the petition; the motion was sustained; and, without dismissing the petition, the court proceeded to quiet title in defendants on their claim contained in their answer but without introduction of any evidence by defendants. The court reversed and remanded for new trial because "in an action to quiet title the court is required to adjudicate the respective interests of the parties to the action regardless of which party is entitled to it. Evans v. Brussel, 300 S.W.2d 442, 444(3). Such declaration should be entered although plaintiff fails to establish his claim of title and the defendant does not request affirmatively an adjudication of title in him. * * * However, an adjudication of title should be based upon some evidence. Dowd v. Bond, Mo.Sup., 199 S.W. 954, 955." 388 S.W.2d l. c. 339 [1, 2].

Upon retrial the defendants will have the opportunity to introduce evidence in support of their claims, and the plaintiffs should be accorded the opportunity to introduce evidence to clarify and develop their position, because "Inasmuch as the cause must be remanded * * * the interests of justice will best be served by permitting plaintiff and defendants to present to the court the matters upon which their respective claims are based in order that the court may be fully informed before determining their respective rights." Pitts v. Pitts, supra, 388 S.W.2d 337, 341 [7]. See also Billings v. Paine, Mo., 319 S.W.2d 653, 660 [16, 17]; Feinstein v. McGuire, Mo., 297 S.W.2d 513, 518 [3]; Jones v. Garden Park Homes Corp., Mo., 393 S.W.2d 501, 506; White v. Kentling, Mo., 134 S.W.2d 39, 45; Barr v. Stone, Mo., 242 S.W. 661, 664.

Judgment reversed and cause remanded for further proceedings consistent with this decision.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.