Ralph J. Haslag, Routh, Thomas & Birdsong, P.C., Rolla, for plaintiffs-appellants.

Jay White, Rolla, for defendants-respondents.

PREWITT, Presiding Judge.

Count I of plaintiffs' petition requested the court to quiet title in them to a 20 acre tract of land. If that was denied their second count requested compensation for improvements made to the land. Defendant Scott Meredith's answer and counterclaim denied plaintiffs' claims, contended that he held title to the land, and prayed that title be quieted in him. Following the trial the court entered a judgment dismissing plaintiffs' petition, and Meredith voluntarily dismissed his counterclaim.

Plaintiffs contend that the court's judgment was insufficient because it did not adjudicate title to the land as between the parties. We agree. Although the trial court may have believed that plaintiffs had not established title, their evidence put title in issue and precluded a general judgment of dismissal without determination of title.

---

Alan L. BALDWIN and Pamela L. Baldwin, Plaintiffs-Appellants,

v.

James C. BLACK, T. E. Black, A. Z. Black, J. W. Black, A. S. Hume and Scott Meredith, Defendants-Respondents.

No. 11590.

Missouri Court of Appeals, Southern District, Division Two.

June 25, 1981.

*Stottle v. Brittian,* 459 S.W.2d 310, 312 (Mo. 1970). In an action to quiet title the court is required to adjudicate the respective interests of the parties even though the plaintiff fails to establish his claim of title and even if the defendant does not request an adjudication of title. Id. 459 S.W.2d at 313; *Pitts v. Pitts,* 388 S.W.2d 337, 339 (Mo. 1965); *Hillman v. Hedgpeth,* 600 S.W.2d 625, 628–629 (Mo.App.1980).

As the cause must be remanded, we believe that the interests of justice will be served by permitting the parties to present to the trial court such additional evidence as they may have which may bear upon their respective claims in order that the court may be fully informed in adjudicating the title between them. See *Stottle v. Brittian,* supra, 459 S.W.2d at 313; *Pitts v. Pitts,* supra, 388 S.W.2d at 341; *Hillman v. Hedgpeth,* supra, 600 S.W.2d at 629. See also *Flowers v. Bales,* 615 S.W.2d 103 (Mo. App.1981).

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.