**Albert DOYLE, Jr., and Naomi Doyle, Appellants,**

v.

**William G. LOWREY and Tessa P. Lowrey, and the City of Kearney, Missouri, Respondents.**

**No. 36474.**

Missouri Court of Appeals, Western District.

Sept. 24, 1985.

Joseph Y. DeCuyper, DeCuyper & Associates, Kansas City, for appellants.

David K. Holdsworth, Krebbs & Holdsworth, Liberty, for respondents.

Before SOMERVILLE, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PER CURIAM:

This is an action to partition a strip of real estate (10 feet by 698 feet) that runs parallel to Washington Street in Kearney, Missouri. The suit was brought by the Doyles, the appellants, ultimately seeking the title owners, the Lowrey's, respondents here, be declared tenants in common with the Doyles and the land sold and proceeds be divided. As a party the city of Kearney withdrew just before trial on the theory it had an interest in the land which would survive no matter how the partition suit was decided. That colloquy is as follows:

(Counsel for Kearney): Your honor, the City of Kearney, Missouri, has been named a party in this litigation, and it's alleged that there might be some interest that the City has. The only interest that we would assert and can possibly have is an easement over this particular portion of property that's in dispute. And I would assume the City has no particular property, and we assume that the City's easement interest would be preserved under any decision made by the Court. And, therefore, we would not seek to participate in this litigation, and withdraw at this point, before proceedings commence.

The Court: Is there any difficulty with either party to that position? Mr. De-Cuyper?

(Counsel for Doyles): No, not as far as plaintiffs are concerned.

(Counsel for Lowreys): No, Your Honor.

The Court: All right. Okay, Mr. Hall, you may withdraw, then, if you don't care to participate; and I assume by agreement of parties that whatever easement the City has will be acknowledged—that the City has it. All right.

During a bench trial where only the Doyle's presented evidence, the plat was introduced which showed the strip of land between a sidewalk and the street to be "reserved." Judgment for the Doyles as tenants in common with the Lowreys was amended by an order adding that the property was, "subject to an easement of the City of Kearney ..." The amendment in favor of the City prompted the Doyles to appeal.

Review is under Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The Doyles formally present two points, but in reality they are but variations on the same issue. They charge that the trial court erred in amending its judgment to declare an easement in the City because the stipulation (from the above quote in the record) cannot be construed as a waiver of their rights and interests in the property, and there was no evidence of the city's claim of an easement.

■ The question of there being a valid stipulation becomes moot because, contrary to the Doyles' assertion, there was evidence of the City's easement. The plat in evidence provides the following declaration: "all the streets shown hereon and not herefore [sic] dedicated are hereby dedicated to the public for use as streets and for utilities forever." The plat shows Washington Street as 80 feet in width west of the land in question, and 70 feet in width east of the area. It also reveals a 10-foot space reserved, the land in question, running adjacent to the south line of Washington Street.

Disposition of the case depends upon the interpretation and effect to be given the term "reserved." The parties have provided this court with no Missouri case authority on the subject. There does exist, however, authority which declares that (absent circumstances dictating the contrary) land which is designated in a plat as "reserved" is burdened with an easement. It has been stated that reservation (the same which can be accomplished by marking the reservation on the face of a plat) is a setting aside of specified land for a specific public purpose. It is not a conveyance, but it does restrict the right of a sub-divider in the use of the land. *Haertlein v. Rubin*, 195 S.W.2d 480 (Mo.1946); *City of St. Louis v. Koch*, 335 Mo. 991, 74 S.W.2d 622 (Mo. 1934). *See also* 7 Rohan, *Zoning and Land Use Controls*, § 45.04[2] (1984); 6A Powell, *Law of Real Property*, § 873[4][b] (1979); 4 Anderson, *American Law of Zoning* § 23.25 (2nd Ed.1977), and Hagman, *Urban Planning and Land Development Control Law* § 140 (1971).

■ In review of the plat introduced by the Doyles, it is obvious that the land under dispute herein was reserved for street expansion. The labeling on the plat indicates that Washington Street (west of Prospect Street) is 80 feet wide, including a sidewalk adjacent to the southern edge of Washington Street. The plat further reveals that Washington Street (east of Prospect Street) is 70 feet wide and there is no sidewalk. In construing a plat, courts attempt to give effect to the maker's intention as it is manifested by the plat, but reservations contained in plats are construed strongly against a grantor. *State ex rel. State Highway Commission v. Jacob*, 362 Mo. 781, 244 S.W.2d 7 (Mo.1951). In construing plats, courts are not limited just to words and markings on the plat, but the plat is considered in its entirety, including the outline thereof. *Koch, supra.*

A review of this plat leads to the conclusion that the parcel of land in dispute herein was reserved to the city to permit and to allow for future street expansion by the addition of a sidewalk. It should be noted that the term "street" has been defined as including all parts of the right-of-way, including sidewalks. *See* Yokley, *Yokley's Law of Subdivisions* (2d Ed.1981) and 1 Elliott, *Road and Streets* (1926).

Nothing in this cause requires this court to construe the reservation herein as a dedication as were the circumstances found in *Koch, supra.*

Contrary to appellants' assertion, the evidence does support the trial court's amendment to its judgment declaring an easement. There was no error by the court in its entry of judgment finding that the Doyles and the Lowreys own a one-half undivided interest in said parcel of land subject to the easement in favor of the City.

The judgment is affirmed.