**In re ESTATE OF Minnie ROSS.**

**Leslie JONES Claimant, Appellant,**

v.

**ESTATE OF Minnie ROSS, Minnie Beamon, Guardian–Conservator of Minnie Ross, Respondent.**

**No. 56694.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1990.

H. Wilson Gray, St. Louis, for appellant.

Andrew George Neill, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Leslie Jones, appeals an order of the Circuit Court for the City of St. Louis partially granting her claim for personal services to the ward, Minnie Ross, and entering judgment for respondent on its counter-claim. We affirm.

On April 16, 1986, the husband of the ward died. Appellant moved into the house of the ward to care for her since the ward is a sufferer of Alzheimer's disease and is incapable of caring for herself. On November 16, 1986, the court appointed guardian, Minnie Beamon, took the ward to Tennessee to live. Throughout the seven month period during which appellant cared for the ward, the ward received a total of $390.00 in rental income and $2,640.00 in social security payments. Appellant kept all of these funds and was able to produce no evidence as to how they were distributed. In her claim for personal services, appellant requested payment of the sum of $18,880.00. The trial court found "limited merit" to her claim and award her $7,500.00 but offset that amount with the rents received and social security payments received.

The counter-claim arose out of appellant's withdrawal of $20,265.63 from an account she held jointly with the ward. The trial court, finding that the withdrawal was made without the knowledge of the ward and in violation of appellant's fiduciary duty, awarded the respondent the $20,-265.63 plus $2,504.83 in interest. This appeal followed.

Appellant's first two "points" are stated as follows:

### POINTS AND AUTHORITIES

#### I.

The Court abused its discretion and erred in reducing the Appellant's claim for services rendered to her ward in the sum of $18,800.00 to $7,500.00. See Court's order of May 4, 1989 in the Matter of the Estate of Minnie Ross, Cause NO. 3–86–1605 PG, attached hereto.

#### II.

The Court erred in assessing the social security payments in the sum of $2,640.00 received by the claimant for the use of her ward from the Social Security Administration and the rent money collected from the upstairs tenant in her ward's property totaling as found by the Court to be the sum of $3,470.00, leaving the claimant $4,030.00. See Court's order of May 4, 1989 in the Matter of the Estate of Minnie Ross, Cause NO. 3–86–1605 PG, attached hereto.

Neither of these points state "wherein and why" the trial court erred and provide

nothing for this court to review. *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978); Rule 84.04(d). Resort to the argument portion of appellant's brief should not be required in determining the basis of her appeal. *Thummel,* 570 S.W.2d at 686. In any case, resort to the argument portions of appellant's brief is of no help. In its brief, respondent complains "[i]t is unclear from her brief what appellant claims to be the error committed by the trial court." We find this statement to be greatly understated.[1] These points are, therefore, denied.

 Appellant's final point states that the court erred in granting respondent's counter-claim. Although the point relied on, again, is not in conformity with Rule 84.04, as it is possible to decipher some meaning from it, we will consider it ex gratia.

The problem with appellant's argument is that she claims that the court erred in finding that appellant withdrew the funds from Mercantile Bank because she claims she "has completely and [un]categorically (sic) denied that she went to Mercantile Bank and withdrew from that Bank the sum of $18,833.32[2] from that bank and she is nowhere disputed in the record." This court is left to guess what possible basis this gives us for finding that the trial court erred. It has long been the rule that the credibility of a witness and the weight to be given to their testimony is for the trial court to determine. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988); *Strauss v. Strauss,* 755 S.W.2d 742, 743 (Mo.App., E.D.1988). Here the trial court found the testimony of the appellant to be "vague and evasive." We find that to be a charitable assessment of appellant's testimony.

In addition, contrary to appellant's contentions, her testimony was controverted. On cross examination, the respondent introduced withdrawal slips from Mercantile

Bank which appellant later admitted she signed and a cashier's check from Mercantile Bank payable to the appellant and endorsed by the appellant.

Finding no basis for relief in appellant's brief, this matter is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. By way of example, in her argument under point one, appellant spends time stating that the trial court cannot rely on a schedule in determining the guardian's fees. While we have no doubt there are cases supporting this argument, [See *Houston v. Zaner,* 683 S.W.2d 277 (Mo. App., W.D.1984) ], it is irrelevant in this case as there is not a scintilla of evidence even suggesting that the trial court used a fee schedule in determining appellant's fees.

2. We note that the amount stated in this portion of appellant's brief is incorrect.