**FIRST STATE SAVINGS BANK,**
**Plaintiff–Appellant,**

v.

**Gerald PETERS and Forest Lynch,**
**Defendants–Respondents,**

**and**

**Robert and Mary Strong,**
**Intervenors–Third Party**
**Plaintiffs–Respondents.**

**No. 16760.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 1990.

John N. Wiles, West Plains, for plaintiff-appellant.

W. Price Harned, Mountain Home, Ark., for defendant-respondent Gerald Peters.

Peter H. Rea, Branson, for defendant-respondent Forest Lynch.

PER CURIAM.

Plaintiff sought to quiet title to certain real estate and to receive damages for slander of title. Defendant Gerald Peters filed an answer and "Cross–Petition" against defendant Forest Lynch seeking contribution from that defendant should plaintiff prevail.

 Denominating themselves as "Third Party Plaintiffs", Robert D. Strong and Mary E. Strong filed a "Third Party Petition" against plaintiff and defendants. In the third party petition the Strongs claimed

title to the property claimed by plaintiff and requested leave to intervene, but no other relief. At commencement of trial they were allowed to intervene.

Following trial, the court entered a purported judgment which, after preliminary recitals stated:

> And now on this <u>30</u> day of <u>October</u>, 1989, the Court takes from advisement this cause and considers the petition for quiet title in Count I filed by plaintiff, and the plaintiff's petition in Count II for slander of title, and on plaintiff's petition against the defendants Gerald Peters and Forest Lynch, the Court enters judgment in favor of said defendants and against the plaintiff on Count I, and judgment for the said defendants and against the plaintiff on Count II, with all costs taxed to the plaintiff.

> And now the Court considers the third party petition filed by third party plaintiffs, Robert D. Strong and Mary E. Strong, against the third party defendants named herein, and the Court enters judgment in favor of third party defendants and against third party plaintiffs, with all costs taxed to the plaintiffs.

> WHEREFORE, IT IS THE ORDER, JUDGMENT AND DECREE OF THIS COURT, that the defendants Gerald Peters and Forest Lynch have judgment against the plaintiff on Count I of plaintiff's petition for quiet title, and on Count II for slander of title.

> It is the further order of the Court that third party defendants named have judgment on the issues raised by the third party plaintiffs named, with all costs in this cause taxed to the plaintiff. SO ORDERED.

 On the basis of the "judgment", it would be premature for this court to attempt to determine the contentions raised by appellant. "In an action to quiet title the court is required to adjudicate the respective interests of the parties even though the plaintiff fails to establish his claim of title and even if the defendant does not request an adjudication of title." *Baldwin v. Black,* 618 S.W.2d 730, 731 (Mo.App.1981). See also *Patterson v.*

*Null,* 751 S.W.2d 381, 388 (Mo.App.1988). In a quiet title action the judgment must describe with reasonable certainty the real estate affected by the decree. *Keen v. Dismuke,* 667 S.W.2d 452, 453 (Mo.App. 1984). The judgment must be reversed and the cause remanded for entry of a proper judgment.

 If the trial court believes that additional evidence should be allowed to be fully informed in adjudicating title, it may do so. See *Baldwin* supra, 618 S.W.2d at 731. If required, and we are not suggesting that it is, the trial court can direct a survey to determine the facts necessary for a proper judgment and to tax the expense of the survey as cost. *Wills v. Meador,* 638 S.W.2d 297, 298 (Mo.App.1982).

The judgment is reversed and the cause remanded for further proceedings.

All concur.