**STATE ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,**

v.

**Mary LONDON, et al., Defendants/Respondents.**

**No. 60427.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 24, 1991.

Motions for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Application to Transfer Denied March 24, 1992.

56

AHRENS, Judge.

Plaintiff Missouri Highway and Transportation Commission appeals from the trial court's order dismissing with prejudice its Petition to Quiet Title to fourteen strips of land running parallel to State Highway 340 (Clarkson Road) in St. Louis County. We affirm.

Plaintiff's Petition to Quiet Title is in four counts, each relating to a specific subdivision plat and authorizing ordinance. Allegations common to all counts include: (1) pursuant to §§ 445.010 and 445.070 RSMo 1986,[1] the plats of cities, towns, villages, and additions shall be a sufficient conveyance to vest the fee of such parcels of land as are therein reserved, named, described, or intended for public uses in said city, town, or village; (2) plaintiff has asserted ownership of certain strips of land allegedly reserved for public use for road widening as set out in the plats and ordinances; (3) said strips of land are interests in real property within the meaning of § 527.150 RSMo; (4) defendants claim to have an interest adverse to plaintiff and plaintiff's ownership of land allegedly reserved for public highway widening; (5) defendants do not have any right, title, or interest in or to such strips of land; and (6) plaintiff seeks to have the court ascertain and determine plaintiff's title to the land in dispute, declare the subordination of all lienholders' interests in the land to plaintiff's public purposes for highway widening, and define and adjudge plaintiff's title, estate, and interest in the land. Each count concludes with a prayer that the trial court quiet title to the land and declare the dedication of the land to public purposes.

Counts I and II allege the existence of St. Louis County ordinances authorizing and approving residential designed developments of tracts designated as Bent Tree Plat One and Bent Tree Plat Two. The counts allege the ordinances contain the following provisions: (1) the final development plan shall "[p]rovide an eighty (80) foot reserve strip parallel to the existing right-of-way of Clarkson Road for highway purposes"; and (2) prior to approval of the

Philip E. Morgan, Jr., Paul R. Ferber, Rich Tiemeyer, Kirkwood, for plaintiff, appellant.

Ziercher & Hocker, P.C., Carolyn C. Whittington, Clayton, for defendants, respondents.

---

1. Unless otherwise noted, references to statutes are to RSMo 1986.

final development plan, the petitioner shall "[s]ubmit verification of approval by the Missouri State Highway Department of location of curb cut and of provision of reserve strip for roadway improvement." Counts I and II further allege the existence of recorded plats showing an "eighty (80) foot wide strip reserved for highway widening" which affects the lots described in the petition.

Count III alleges the existence of a St. Louis County ordinance authorizing and approving a planned environment unit development of a tract of land known as Forest Meadows Plat One. The count alleges the ordinance contains the following provision: the site development plan shall "[i]ndicate a ninety (90) foot wide reserved strip adjacent and parallel to Clarkson Road to be dedicated on demand to the Missouri Highway and Transportation Department. No building shall be located within twenty-five (25) feet of said reserved strip." Count III further alleges the existence of a recorded plat showing a "seventy (70) foot wide reserved strip and a twenty (20) foot wide dedication strip" which affects common ground and the lots described in the petition.

Count IV relates to land in Forest Meadows Plat Two. The ordinance provisions alleged are identical to those in count III. Count IV alleges the existence of a recorded plat showing a "seventy (70) foot wide reserved road dedication strip" which affects the lots described.[2]

Defendants filed motions to dismiss alleging, *inter alia*, that (1) plaintiff has no authority to acquire title by a statutory dedication under chapter 445 RSMo, since that chapter applies only to plats of cities, towns and villages; and (2) the petition fails to state a claim of common law dedication, which requires an intent to dedicate to public use and acceptance and use by the public. On December 26, 1990, the trial court sustained defendants' motions to dismiss for failure to state a claim upon which

relief could be granted. The court dismissed the case with prejudice.

■ The record on appeal includes motions to dismiss filed by various defendants, affidavits pertaining to plaintiff's motion for summary judgment, motions for summary judgment filed by various defendants, plats, ordinances, and answers to requests for admission. Plaintiff's motion for summary judgment was overruled by the trial court, and defendants' motions for summary judgment were pending at the time the court dismissed plaintiff's petition. There is no indication in the trial court's order or the record on appeal that, pursuant to Rule 55.27(a), the court treated the motions to dismiss as ones for summary judgment and considered matters outside the pleadings. Since the parties were not given the opportunity to present all material pertinent to a motion for summary judgment and since the court gave the parties no notice that the motions were to be treated as ones for summary judgment, the court could not properly have treated them as such. Rule 55.27(a); *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 363 (Mo.App.1983).

■ Where a trial court asserts no reason for dismissing a case for failure to state a claim, we assume the court acted for the reasons stated in the motion to dismiss. *Chase Elec. Co. v. Acme Battery Mfg. Co.*, 798 S.W.2d 204, 207 (Mo.App. 1990). In reviewing such a dismissal, the only issue to be decided is whether the petition invokes substantive principles of law entitling a plaintiff to relief. *Id.* at 207–08. We treat all facts alleged in the petition as true and construe all allegations in favor of plaintiffs. *Id.*

In its first point, plaintiff alleges the trial court erred in sustaining defendants' motions to dismiss. Plaintiff contends the trial court must quiet title to property which is the subject of a quiet title action once the title is put in issue. In response, defendants argue that plaintiff's petition

2. The ordinance that authorizes the plats at issue in counts III and IV requires that the "reserved strip" in dispute be "dedicated on demand to the Missouri Highway and Transportation Department." Plaintiff's petition alleges no such demand, and plaintiff fails to address the issue in its brief on appeal.

fails to state a claim upon which relief can be granted, and that the trial court had no jurisdiction to quiet title because: (1) title cannot directly vest in plaintiff pursuant to § 445.070; and (2) plaintiff's petition fails to allege either statutory or common law dedication. We agree with defendants' position.

■ If title has been properly put in issue, a judgment of dismissal without determination of title is error. *Stottle v. Brittian*, 459 S.W.2d 310, 312–13 (Mo.1970). This is true even if plaintiff fails to establish his claim of title. *Baldwin v. Black*, 618 S.W.2d 730, 731 (Mo.App.1981). However, an adjudication of title must be based upon some evidence sufficient to put title in issue. *Pitts v. Pitts*, 388 S.W.2d 337, 339 (Mo.1965). We find the allegations in plaintiff's petition insufficient.

■ Pursuant to § 445.010.1(1), whenever any city, town, village, or any addition to any such entity is laid out, the proprietor of the entity is to cause to be made an accurate plat thereof, describing all parcels of ground reserved for public purposes, whether they be intended for avenues, streets, lanes, alleys, commons, or other public uses. If situated within the corporate limits of any incorporated city, town, or village, the plat is not to be placed of record until submitted to and approved by the common council of the city, town, or village. Section 445.030. When acknowledged, certified, and recorded, such plats constitute a sufficient conveyance to vest the fee of such parcels of land as are therein named, described, or intended for public uses in such city, town, or village, in trust and only for the uses therein named, expressed, or intended. Section 445.070.2. If the city, town, or village is not incorporated, then the fee of the lands conveyed is vested in the proper county in like trust. Section 445.070.3.[3]

The State Highway and Transportation Commission has the power to purchase, lease, or condemn lands in the name of the State of Missouri. Section 227.120. The state and its political subdivisions are authorized to give, grant, and convey to or for the use of the State Highway and Transportation Commission such rights-of-way or other easements in real estate as may be necessary for the proper and economical construction or maintenance of state highways. Section 227.130. Any civil subdivision, which as defined in § 226.-010(1) includes a county, is granted the statutory authority to convey such rights-of-way or any other land to the State of Missouri to be placed under the supervision, management, and control of the State Highway and Transportation Commission for the construction and maintenance thereupon of state highways and bridges. Section 227.170. When the roads have been constructed by the State Highway and Transportation Commission, or acquired as provided for in §§ 227.120 to 227.150 and § 227.170, the roads are to be maintained by the Commission and kept in a good state of repair at whatever cost may be required. Section 227.210.1.

■ Plaintiff's petition alleges no gift, grant, or conveyance of the land in question, pursuant to chapter 227, by St. Louis County to plaintiff. Although plaintiff contends it has authority pursuant to chapter 445 to directly acquire an easement by statutory dedication, plaintiff relies on the provisions of chapter 227 in claiming the right to bring its action and to dispose of any interest allegedly transferred to plaintiff by way of plats dedicating property to public use. In so doing, plaintiff seeks to rely only selectively on chapter 227, ignoring the provisions providing for acquisition by the State Highway and Transportation Commission of rights-of-way or other interests in to land.

Plaintiff's claim that it can directly acquire a right-of-way easement by statutory dedication under chapter 445 is not sup-

---

**3.** Although § 445.070 uses the word "fee," the interest conveyed is not a title in fee simple, but only an easement consisting of the right of the public to use the streets and alleys for the purpose intended by the dedication. *Willy v. Lieu-rance*, 619 S.W.2d 866, 871 (Mo.App.1981). The fee (subject to the easement) remains in those who owned the land at the time of the dedication, and in their successors in title. *Id.*

ported by the plain language of § 445.070, which provides for the vesting of title in a city, town, or village when incorporated, and in a county if the city, town, or village is unincorporated. Sections 445.070.2 and 445.070.3. Chapter 445 provides no authority for vesting of title in or acquisition of rights-of-way by the state, and we are aware of no Missouri cases extending a chapter 445 statutory dedication directly in favor of the Missouri Highway and Transportation Commission.

Plaintiff relies on *Kansas City & N. Connecting R.R. v. Baker*, 82 S.W. 85 (Mo. 1904), for the proposition that, pursuant to § 445.070, property may be dedicated to any entity for public use. The court in that case found that a plat designating certain land as "Reserved for Depot Grounds" effected a statutory dedication to a railroad pursuant to an 1855 version of the present dedication statute. *Id.* at 87–88. We distinguish *Baker*, however, because in the case before us there exists a specific, separate statutory procedure under chapter 227 by which the Missouri Highway and Transportation Commission is to acquire right-of-way easements or other interests in land.

■ The language of chapter 227 explicitly and unambiguously sets forth the methods by which the State Highway and Transportation Commission can acquire a right-of-way easement or other title to land, none of which is alleged in plaintiff's petition. The statutes reflect our legislature's intent to require approval and acceptance of a dedication or conveyance of an easement prior to vesting of title. It is inconsistent with that statutory scheme to hold that St. Louis County could, by approving a plat under chapter 445, impose upon the Missouri Highway and Transportation Commission the ownership and corresponding obligations to maintain land dedicated in said plat for state highways. Such a holding would ignore the provisions of chapter 227 requiring that a conveyance of such rights-of-way to the State of Missouri be placed under the supervision,

management, and control of the State Highway and Transportation Commission.

■ In holding that plaintiff has no authority pursuant to chapter 445 to directly acquire an easement or other interest by statutory dedication, it is not our intent to restrict developers or landowners filing plats from providing in said plats for the dedication of land to public use for state highways, utility easements, and public uses other than those owned or operated by cities, towns, or villages in incorporated areas, and by counties in unincorporated areas. In such case, the interest acquired is held by the city, town, village, or county in trust for the public uses set forth. However, there must be acceptance by the appropriate entity of said easement or other use before any ownership interest will pass to that entity. In the case of utility easements, for example, the easements are typically accepted by utilities by way of written acknowledgement on the face of the plats or by a separate instrument of conveyance. In the case of the State Highway and Transportation Commission, §§ 227.130 and 227.170 provide a statutory procedure for conveyance of the interest to the state.[4] In this case, plaintiff's petition alleges nothing to indicate it complied with the statutory procedures. Point one is denied.

■ In its second point plaintiff contends: "The trial court erred in failing to determine that the disputed tracts were dedicated to the Missouri Highway and Transportation Commission." This point fails to comply with Rule 84.04(d), which requires that the point relied on state "wherein and why" the actions of the trial court are claimed to be erroneous. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). Therefore, the point provides nothing for this court to review. *In re Estate of Ross*, 790 S.W.2d 514, 515–16 (Mo.App.1990). We review the point *ex gratia*.

■ We find that plaintiff's petition includes no sufficient allegation of an intent

---

**4.** Alternatively, the State Highway Commission and a county could enter into a maintenance agreement in which land dedicated to public use is maintained by the Commission. *See State ex rel. State Highway Comm'n v. Johns,* 507 S.W.2d 75, 76–77 (Mo.App.1974).

to dedicate to public use which would give rise to either a statutory or common law dedication. As noted earlier, counts I and II allege the existence of plats showing an "eighty (80) foot wide strip reserved for highway widening." In count III, the petition alleges the existence of a plat showing a "seventy (70) foot wide reserved strip and a twenty (20) foot wide dedication...." At issue with respect to this count is the seventy-foot wide reserved strip. Count IV alleges the existence of a plat showing a "seventy (70) foot wide reserved road dedication strip." [5]

Our courts have in several cases considered the interpretation and effect to be given the term "reserved" within the context of statutory plat dedication to public use. *Doyle v. Lowrey*, 698 S.W.2d 56 (Mo. App.1985), involved a plat which "reserved" a strip of land between a sidewalk and the street. The plat also contained the following declaration: "[A]ll the streets shown hereon and not herefore [sic] dedicated are hereby dedicated to the public for use as streets and for utilities forever." *Id.* at 57. The Western District of our court cited authority stating that a reservation is not a conveyance, but, rather, a

setting aside of specified land for a specific public purpose that restricts the right of a subdivider in the use of the land. *Id.* Importantly, the court found nothing to require that it construe the reservation as a dedication. *Id.*

Similarly, we find nothing in the allegations of plaintiff's petition to require that we construe the "reserved" language as a dedication to public use. *City of St. Louis v. Koch*, 74 S.W.2d 622 (Mo.1934), on which plaintiff relies, is readily distinguishable. In *Koch*, our supreme court held that a realty company had effected a statutory dedication of a strip of a land through a plat designating the strip as "Reserved subject to condemnation by Ordinance No. 30,828." *Id.* at 623. However, the court also found the strip was not intended for sale and that the company could not have intended that the strip be excepted from the grant of land, since if the strip were so excepted the owners of several lots would be without street access to their property, and since immediately after platting the subdivision, the company paved the strip, constructed curbs and laid sidewalks, and had utilities installed. *Id.* at 623–24. Again, nothing in the petition before us

**5.** The record on appeal contains copies of the plats, and all parties with the exception of Resolution Trust Corporation have referred to the plats in their briefs and oral argument. However, the plats were not attached as exhibits to the petition. As noted earlier, there is nothing in the record to indicate the trial court properly considered matters outside the pleadings pursuant to Rule 55.27. Accordingly, we limit our review to the allegations of the petition. We note, however, that were the plats properly before us, they would not support appellant's position.

Each of the four plats provides for the dedication of specified streets to St. Louis County for public use forever, the dedication of common ground to the subdivision trustees, and the dedication of easements to St. Louis County and various utilities. However, each of the plats' reference to the property in dispute includes no words of dedication to public use and notes only that the strips at issue are "reserved."

For example, Forest Meadows Plat One, which is the subject of count III, shows a twenty-foot wide "road dedication strip" (cross-hatched on the plat) which adjoins the seventy-foot wide "reserved strip" involved herein (not cross-hatched). The plat provides: "The road dedication strip of variable width along the west

side of Clarkson Road which for better identification is shown cross-hatched on this plat is hereby dedicated to the Missouri Highway and Transportation Commission for public use forever." This demonstrates the different treatment accorded the cross-hatched road dedication strip, which includes language of dedication, and the subject "reserved strip," which includes no language of dedication.

The plat also provides: "The 5' wide sidewalk easement abutting the Missouri State Highway Department right-of-way is hereby dedicated to St. Louis County, Missouri, for public use forever, and said sidewalk is to be maintained by the property owners or Trustees of Forest Meadows Subdivision." This five-foot wide sidewalk easement is part of the seventy-foot wide "reserved strip" that plaintiff claims was dedicated. However, the reference to the sidewalk easement "abutting the Missouri State Highway Department right-of-way" and the specific dedication to St. Louis County is totally inconsistent with plaintiff's claim. Forest Meadows Plat Two, which is the subject of Count IV and involves land adjoining Forest Meadows Plat One, also refers only to a seventy-foot wide "reserved road dedication strip," and contains no language of dedication to the Missouri Highway and Transportation Commission for public use.

similarly indicates an intent to dedicate the property at issue.

■ Lastly, plaintiff again relies on *Baker*, 82 S.W. 85, wherein our supreme court held that the filing of a plat showing a tract "Reserved for Depot Grounds" constituted a statutory dedication to the Hannibal & St. Joseph Railroad Company for railroad purposes. *Id.* at 87–88. We distinguish *Baker*, because there the court found that the railroad's use of the land for depot grounds was an appropriation to public use. *Id.* at 88. Plaintiff's petition alleges no such appropriation.[6] Further, plaintiff in this case made no allegation of compliance with the statutory procedures in chapter 227 for conveyance of the interest in the land to the state. We find that plaintiff has failed to allege a statutory dedication of the subject property for public purposes.

■ Similarly, plaintiff's petition fails to state a claim upon which relief may be granted for a common law dedication of the subject property. The elements of a common law dedication are: (1) that the owner, by his unequivocal action, intended to dedicate to public use; (2) that land so dedicated is accepted by the public; and (3) that land so dedicated is used by the public. *Connell v. Jersey Realty & Inv. Co.*, 180 S.W.2d 49, 53 (Mo.1944). To establish the intention to dedicate necessary to support a common law dedication, "the proof should be so convincing, full, persuasive and cogent as to leave no reasonable doubt of the existence of the owner's consent or intent, and the acts relied upon must not be consistent with any construction other than that of a dedication." *McIntosh v. City of Joplin*, 486 S.W.2d 287, 290 (Mo.App.1972).

For the reasons outlined in our discussion above, we find that the allegations of plaintiff's petition do not allege unequivo-

cal action by the owner intending to dedicate the land to public use. In so finding, we distinguish *Haertlein v. Rubin*, 195 S.W.2d 480 (Mo.1946) and *Weakley v. State Highway Comm'n*, 364 S.W.2d 608 (Mo. 1963), upon which plaintiff relies. In those cases, courts found sufficient evidence of intent to dedicate to public use. *Haertlein*, 195 S.W.2d at 483; *Weakley*, 364 S.W.2d at 612. However, both cases involved words of dedication not present in the case before us. In *Haertlein*, the plat indicated a strip of land was "reserved for park," and subdivision restrictions provided that all parks shown on the plat "are to be and shall be dedicated to public use forever." *Haertlein*, 195 S.W.2d at 481. Similarly, the plat at issue in *Weakley* contained a formal, written dedication of strips shown on the plat "to public use forever." *Weakley*, 364 S.W.2d at 612. We find no such evidence of an intent to dedicate the property in dispute here.

■ Even if the intention to dedicate had been clear and unequivocal, public use of the land must be alleged or shown. *State ex rel. State Highway Comm'n v. Public Water Supply Dist. No. 2 of Jefferson County*, 559 S.W.2d 538, 542–43 (Mo. App.1977). Plaintiff's petition contains no allegation of public use, and plaintiff in its brief states only that plaintiff "now seeks to put the subject property into a condition to allow public use as a highway." Further, the petition fails to allege public acceptance, and we reject plaintiff's contention that the mere filing of its petition constitutes such acceptance for purposes of a common law dedication. The allegations herein fall short of alleging any of the three essential elements necessary to state a cause of action for common law dedication. We find no error in the trial court's ruling.

---

**6.** Plaintiff further relies on *Baker* to support its claim that the sale of lots by reference to a plat constitutes a common law dedication, even if there had been an incomplete statutory dedication by plat. *See Baker*, 82 S.W. at 88. Plaintiff in its petition alleges no sale of lots. However, even if it had, the sale of lots by the description shown on the plat does not as a matter of law constitute a dedication, nor is it conclusive evi-

dence of intent to dedicate and acceptance by the public. *Johnson v. Ferguson*, 44 S.W.2d 650, 653 (Mo.1931). Plaintiff's petition includes no fact or circumstance that indicates the purchasers or public relied on the developer's acts as a dedication, so that the developer should be estopped from denying a dedication to public use. *See id.*

The trial court properly sustained defendants' motions to dismiss for failure to state a claim upon which relief could be granted. Accordingly, we affirm the judgment of the trial court dismissing the case with prejudice.

SMITH, P.J., and KAROHL, J., concur.